IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EDWARD WILLIAMS, III, )
)
Petitioner, )
)
v. ) 1:16CV531
)
FRANK L. PERRY, )
)
)
Respondent. )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has filed a Petition (Docket Entry 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, in turn, has filed a Motion to Dismiss (Docket Entry 3) and a Supporting Brief (Docket Entry 4). Petitioner then filed a Response. (Docket Entry 11.) This case is now prepared for a ruling.

## Background

On January 10, 2012, Petitioner was convicted after a jury trial in Superior Court, Davie County of attempted first degree murder, first degree kidnapping, and assault with a dangerous weapon with intent to kill inflicting serious injury. (Docket Entry 1 at 16-25.) He was sentenced to consecutive sentences of imprisonment of 150-189 months and 66-89 months. (*Id.* at 16-18.) Petitioner did not appeal. (*Id.*, § 8.) On December 27, 2012, Petitioner filed a motion for preparation of a stenographic transcript in Superior Court, Davie County, which was denied on January 9, 2013. (*Id.* at 26.) Next, on July 23, 2015, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking the right to file a belated appeal from his 2012 judgment, which was dismissed on August 6, 2015. (Docket Entry 4,

Exs. 1 and 3.) On September 8, 2015, Petitioner filed a petition for writ of certiorari and motions for a belated appeal and the appointment of counsel in the Supreme Court of North Carolina. (*Id.*, Ex. 4.) On September 24, 2015, the court denied the petition for writ of certiorari and dismissed the motions for a belated appeal and the appointment of counsel. (Docket Entry 1 at 29-31.) On October 13, 2015, Petitioner filed a motion for appropriate relief ("MAR") in Superior Court, Davie County, which was denied on October 30, 2015. (*Id.* at 32-41, 27.) Petitioner then filed a petition for writ of certiorari in the North Carolina Court of Appeals on February 22, 2016, which was denied on March 8, 2016. (Docket Entry 4, Exs. 5, 7.) On May 16, 2016, Petitioner submitted the instant Petition and it was filed stamped May 20, 2016. (Docket Entry 1.)

### Petitioner's Claim

Petitioner's sole ground for relief, in its entirety, is "Ineffective assistance of counsel, U.S. Const. 6th Am. I went to a jury trial, and was found guilty and my attorney didn't appeal." (Docket Entry 1, § 12, Ground One.)

### Discussion

Respondent has moved for dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 4.) As explained below, Petitioner's claim is time-barred.

To assess Respondent's limitation argument the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. The United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:

2

(A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).[1] The record does not reveal any basis for concluding that subparagraphs (B) or (C) of § 2244(d)(1) apply here.

## Subparagraph (A)

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, Petitioner was convicted after a jury trial and judgment was entered on January 10, 2012. The period to file notice of appeal expired fourteen days later on January 24, 2012. *See* N.C. R. App. P. 4(a)(2) ("Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by . . . filing notice of appeal with the clerk of superior court . . . within fourteen days after entry of

---

[1] Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

3

the judgment."). Petitioner's federal habeas deadline therefore began running in late January 2012 and ended one year later in late January 2013. Petitioner did not submit his Petition until May of 2016. It is therefore more than three years late.

It is true that the instant action would have been subject to additional statutory tolling if Petitioner had a properly filed post-conviction petition pending in state court during the one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Taylor*, 186 F.3d at 561. However, statutory tolling does not apply here because none of Petitioner's other state post-conviction proceedings were pending during the limitations period. In other words, Petitioner's time to file in this Court expired before he made any additional relevant state court filings. Filings made after the limitations period has ended do not revive or restart it. *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). Petitioner did file a motion for a stenographic transcript. However, this is not a motion for collateral relief. *See Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) citing *May v. Workman*, 339 F.3d. 1236, 1237 (10th Cir. 2003). Moreover, even if it were somehow construed to be a motion for collateral relief, it was denied a few weeks after it was filed and so any tolling effect would be brief and ultimately immaterial to the limitations analysis. Under this subparagraph the Petition is time-barred.

### Subparagraph (D)

Under subparagraph (D), Petitioner's one-year limitation period commenced on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Subparagraph (D) conceivably applies here and therefore requires further consideration.

Petitioner contends that he became aware of his "belated appeal claim" on July 23, 2015 and that he could not have made this discovery any sooner through due diligence. (Docket Entry 11 at 1, 3.) Nevertheless, Petitioner's pleadings contradict this assertion, because the Petition states that he was "trying [his] best to get a[n] appeal" after he spoke with another inmate, but before filing his motion for a stenographic transcript in December of 2012. (Docket Entry 1 at 3, 26; Docket Entry 4, Ex. 5 at 3.) Petitioner's one-year deadline under this alternative analysis thus began at the latest by December of 2012 (the point at which it was clear Petitioner knew of his appellate rights) and ran until December of 2013. Moreover, none of Petitioner's other state post-conviction proceedings were pending during this period and so Petitioner was not entitled to any form of statutory tolling.[2] Petitioner's federal habeas Petition was not filed until May of 2016 and so even under this alternative analysis the Petition is time-barred by a number of years.

Moreover, even assuming Petitioner did not actually know of his right to appeal until 2015, which is not the case for the reason described above, the Petition is still untimely. This is because the question under those circumstances is not when Petitioner *actually* knew of his appellate rights but when *a duly diligent person in petitioner's circumstances would have discovered those rights* and discovered that no appeal had been filed. *See Wims v. United States*, 225 F.3d 186, 190 (2nd Cir. 2000) (footnote omitted). After that date, Petitioner would then have one year to file his federal habeas petition. Although "due diligence" does not require that defendants check to see if an appeal was filed on the day their convictions become final absent a notice

---

[2] Again, the motion for a stenographic transcript would be insufficient to statutorily toll the running of the limitations period. And, even if it were sufficient to toll (which it is not), any statutory tolling would be immaterial given that the motion was denied soon after it was filed.

5

of appeal, there are limits to the time that they can wait before making inquiries about appellate rights. *Id.*; *Gonzalez-Ramos v. United States*, No. 05 Civ. 3974, 99 CR. 1112(LAP), 2007 WL 1288634, at *8 (S.D.N.Y. May 2, 2007) (collecting cases). While *Wims* held that a delay of five months before inquiring about an appeal might be reasonable depending on the circumstances, longer delays of seventeen months or more have generally been found to be not reasonably diligent. *Gonzalez-Ramos*, at *8 (citing cases).

Here, even if the Court were to exceed all bounds of reasonable generosity in this analysis, Petitioner's claims would still be time-barred. Purely by way of example, even if the Court concluded that Petitioner reasonably took two years from the expiration of his time to file a direct appeal to act diligently and discover that he had appellate rights and that those rights had elapsed due to ineffective assistance, his Petition would still be time-barred. Presuming (for the sake of argument only) such facts, even if Petitioner's one year deadline began in late January of 2014 (two years from the expiration of Petitioner's time to file an appeal in late January of 2012) and ended in late January of 2015 (thereby accounting for the one year limitation period), Petitioner's Petition is still time-barred by at least six months (he did not raise his claim in state court until July of 2015 and did not seek federal habeas relief until 2016).[3] For all these reasons, subparagraph (D) does not render the Petition timely.

## Equitable Tolling

Nor does the doctrine of equitable tolling render Petitioner's Petition timely. The United States Supreme Court has recognized that the doctrine of equitable tolling applies to the time bar set forth in Section 2244. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Equitable

---

[3] *Supra* note 2.

tolling may excuse an otherwise untimely filing when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, at most, Petitioner is arguing that the merits of his claim justifies the late filing of his federal habeas petition. However, this argument is unpersuasive. The potential merits of a claim generally do not impact the timeliness analysis. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003). There is no merits based exception to the limitations period. Moreover, ignorance of the law is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). For both these reasons, Petitioner is not entitled to equitable tolling.

## Actual Innocence

The Court notes further that to the extent Petitioner asserts he is actually innocent of the crime for which he was convicted, that claim would also fail to render his Petition timely. Recently, the Supreme Court recognized in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to the one year deadline. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Petitioner does not appear to assert that he is actually innocent of the crimes for which he was convicted. And, even if he did, mere

conclusory statements are insufficient to toll the federal habeas deadline. For all these reasons, Petitioner is not entitled to equitable tolling.

## CONCLUSION

After considering all of the pleadings and exhibits submitted in this action, and for the reasons set forth above, the Court concludes that Petitioner's claim is time-barred. Neither an evidentiary hearing, nor the appointment of counsel, nor discovery is warranted here.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 3) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED,** and that Judgment be entered dismissing this action.

Joe L. Webster
**United States Magistrate Judge**

November 30, 2016